**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ENRIQUE GOMEZ-RODRIGUEZ**,

       Petitioner,

**v.**
                                                                                      **Civil Action No. 2:14-CV-19
(BAILEY)**

**WARDEN RUSSELL A. PERDUE**,

       Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on August 13, 2014 [Doc. 23], recommending that this Court grant Respondent's Motion to Dismiss/Motion for Summary Judgment. [Doc. 15].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is timely made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v.***

*Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections [Doc. 25] on August 27, 2014. Accordingly, this Court will conduct a *de novo* review of the portions of the magistrate judge's R&R to which the petitioner objects. The remainder of the R&R will be reviewed for clear error.

I. **Background**

On March 2, 2009, Petitioner Enrique Gomez pled guilty to count three of the indictment for knowingly and intentionally possessing cocaine, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). [Doc. 23 at pg. 2]. The Court sentenced the petitioner to 90 months incarceration followed by three years of supervised release. *Id.*

On August 13, 2010, the petitioner appealed his judgment and sentence to the United States Court of Appeals for the Fifth Circuit. *Id.* The Fifth Circuit dismissed the petitioner's appeal as untimely. The petitioner began to prepare a petition to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255; although, from the record it does not appear that petitioner submitted the petition. *Id.*

Further, the record is unclear on the exact date the U.S. Immigration and Customs Enforcement Office ("ICE") lodged a detainer against the petitioner for deportation charges; however, there is no disagreement that the detainer was lodged against the petitioner. *Id.*

## II. Discussion

Petitioner Enrique Gomez, presently incarcerated at FCI Gilmer, brings a petition for habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner complains (1) that the Immigration and Customs Enforcement is preventing him from being placed in a halfway house; (2) that he should be given immigration bail/parole; (3) that the Office of Homeland Security has changed its policy that allows him the right to re-open his hearing in regards to immigration bail/parole; and (4) that he is being denied the right to work, which violates the core meaning of the Racketeer Influenced and Corrupt Organization Act and the North American Free Trade Agreement. *See* [Doc. 23].

Petitioner objects to the R&R for two reasons. First, on March 10, 2014, petitioner claims that he exhausted his administrative remedies and provided exhibits in his petition; thus, he is entitled to an evidentiary hearing. Second, the petitioner objects on the grounds that Magistrate Judge Kaull did not hold a bail hearing pursuant to § 18 U.S.C. § 3142. [Doc. 25]. The petitioner's objections are without merit.

### A. Petitioner's Exhaustion Claim

This Court finds that the petitioner failed to exhaust his administrative remedies. Exhaustion is mandatory. **Booth v. Churner**, 532 U.S. 731, 741 (2001). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004). If failure to exhaust is apparent from the face of the Complaint, the Court may dismiss the case *sua sponte*. *See* **Anderson v. XYZ Prison Heath Servs.**, 407 F.3d 674, 681-82 (4th Cir. 2005). When a prisoner files a petition without first exhausting administrative remedies, dismissal without

prejudice is appropriate.  See **Ford v. Johnson**, 362 F.3d 395, 401 (7th Cir. 2004); see also **Johnson v. Cannon**, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished).

Here, the petitioner argues that he exhausted his administrative remedies on March 10, 2014, when he filed his petition. [Doc. 25 at pg. 2].  This Court finds that the petitioner did not attempt to go through the administrative remedies program established by the Bureau of Prisons. [Doc. 16-2 at attachment A].  The petitioner does not provide a legal basis for his failure to exhaust.  Accordingly, the petitioner's objection is **OVERRULED**.

**B. Immigration Bail Hearing**

Petitioner argues that Magistrate Judge Kaull should have held an "immigration bail/parole" hearing pursuant to 18 U.S.C. § 3142.  This Court finds that the petitioner's argument has no merit.

A writ of habeas corpus may only be issued if the petitioner is "in custody in violation of the Constitution or law or treatises of the United States." 28 U.S.C. § 2241.  "[P]risoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because INS [Immigration and Naturalization Service][1] has lodged a detainer against them." **Zolicoffer v. U.S. Dep't of Justice**, 315 F.3d 538, 541 (5th Cir. 2003).  "The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." **Campillo v. Sullivan**, 853 F.2d 593, 595 (8th Cir. 1988).

---

[1] Immigration and Customs Enforcement is a component of the Department of Homeland Security and is the successor agency to the Immigration and Naturalization Service.

This Court agrees with Magistrate Judge Kaull's conclusion that the ICE detainer currently issued to the petitioner does not affect the petitioner's status as a sentenced federal offender. The petitioner's current federal sentence does not stem from the ICE detainer, and the petitioner is not in the custody of ICE at this current time. Thus, ICE filing a detainer does not place the petitioner in ICE custody for habeas corpus purposes. Accordingly, the petitioner does not meet the "in custody" requirements of § 2241 and fails to state a viable claim for relief.

## CONCLUSION

Consequently, Magistrate Judge Kaull's Report and Recommendation **[Doc. 23]** is hereby **ORDERED ADOPTED**, and petitioner's Objections **[Doc. 25]** are **OVERRULED**. Respondent's Motion to Dismiss/Motion for Summary Judgment **[Doc. 15]** is hereby **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** September 23, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE